## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KYEEM KING,

    Petitioner,

    v.

STATE OF MARYLAND,

    Respondent.

Civil Action No.:  JRR-23-3232

## MEMORANDUM OPINION

Self-represented Petitioner Kyeem King filed this Petition for Writ of Habeas Corpus asserting that he is being denied his right to a speedy trial under the Sixth Amendment of the United States Constitution.  ECF No. 1.  Respondent filed an Answer and requests that the court abstain from deciding the merits of King's claim due to the ongoing State criminal proceedings.  ECF No. 11.  No hearing is necessary.  Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023).  For the reasons set forth herein, the court abstains from exercising jurisdiction over King's claims and dismisses the Petition without prejudice.

## I.    Background

King is awaiting trial in the Circuit Court for Prince George's County, Maryland for one count of first-degree murder, two counts of use of a handgun in the commission of a crime of violence, and one count of illegal possession of a regulated firearm after conviction of a disqualifying crime.  ECF No. 11-1 at 14 and 34-36.  King was arrested on June 14, 2019, and charged with the November 22, 2017, murder of Aaron Isaiah Taylor.  *Id*. at 30 and 146.

On November 23, 2017, Prince George's County Police found Taylor seated in the driver seat of his car having suffered a gunshot wound to the head. ECF No. 11-1 at 32. Taylor was pronounced dead at the scene. *Id.* at 33. Analysis of Taylor's cell phone records determined that last phone number called from Taylor's phone prior to his death was same as the last incoming call to Taylor's phone. *Id.* Based on that information, police narrowed the time of Taylor's death to between 10:30 p.m. and 11:00 p.m. *Id.* After obtaining a court order entitling police to investigate the cell phone number Taylor was in contact with, police determined that the device associated with the number was in the area of the crime scene at the time of Taylor's murder. *Id.* During the search of phone records, investigators found a group text that included the subject phone number and was identified as belonging to "Krook." *Id.* Police located and identified "Krook" as Kyeem Antonio King. *Id.* Further investigation confirmed that King and Taylor were in contact on the night of the murder with an agreement between the two to meet at Senecca Drive, which connects with the street where the murder occurred. *Id.*

In an unrelated investigation, police uncovered a .45 caliber Glock handgun, which police connected with Taylor's shooting death through matching fired cartridges found at the scene. ECF No. 11-1 at 33. Another witness confirmed for police that King had access to the firearm at the time the murder took place. *Id.* King was indicted on August 6, 2019; on August 7, 2019, the court ordered King held without bond. *Id.* at 34-37. King's trial was initially scheduled for January 21 through 23, 2020. *Id.* at 41.

On December 18, 2019, trial was postponed to July 20 to 22, 2020, with a motions hearing scheduled for April 29, 2020. ECF No. 11-1 at 49. Good cause for postponement of the trial beyond the 180 days required by Maryland Rule 4-271 was based on counsel's continuing discovery efforts. *Id.*

On March 5, 2020, a state of emergency was declared by the Governor of Maryland due to the COVID-19 pandemic.  On March 12, 2020, the Chief Judge of the Supreme Court of Maryland issued an administrative order that suspended all jury trials which continued through April 26, 2021, with an interruption in the suspension from October 5 through November 11, 2020.  On April 6, 2020, King's counsel filed a motion seeking his release to home detention because of the pandemic, but the motion was denied the following day.  ECF No. 11-1 at 69-73.

On July 20, 2020, a status conference was held to determine the progression of discovery. ECF No. 11-3 at 3.  Defense counsel advised that the "bulk of discovery has been provided" but said she still had questions for the State and that she intended to send a full list of those questions to the State's Attorney.  *Id*.  Anticipated time for a motions hearing was discussed and the trial was rescheduled for April 12 through 15, 2021, with the motions hearing scheduled for January 28, 2021.  *Id*. at 9-11.

In a motion filed on King's behalf on January 27, 2021, defense counsel noted that no jury trials would be available on the scheduled trial dates of April 12 through 14, 2021, and that King was requesting a jury trial and continuing his demand for a speedy trial.  ECF No. 11-1 at 93. Counsel also noted that additional discovery requests and questions remained unresolved and sought to have the January 28, 2021, motions hearing converted to a status hearing.  *Id*.  A status conference was held as requested; the motions hearing was reset for December 8, 2021; and trial was set for February 7 through 10, 2022.  *Id*. at 95.

On April 26, 2021, the administrative order suspending jury trials expired and jury trials resumed until another administrative order was issued on December 27, 2021, which suspended jury trials again due to the omicron variant of COVID-19.  This order remained in place until March 6, 2022, when jury trials resumed.

3

On January 28, 2022, a postponement hearing was held and defense counsel acknowledged that trial needed to be postponed because of the pandemic but also conveyed King's continuing demand for a speedy trial and his objection to any further delays.  ECF No. 11-7 at 4.  King was present for the hearing through a Zoom link.  *Id*. at 3.  In granting the postponement, the court noted that postponement of trial was not the fault of either the Defendant or the State, and described the continuance a "Court's continuance," which is to say that the court continued the trial for administrative reasons for which neither King nor the State was responsible.  *Id*. at 8-9.  A new motions date was scheduled for July 15, 2022, and trial date was set for August 22 through 25, 2022.  *Id*. at 9-12.

On May 4, 2022, in an unrelated case, a jury found King guilty on two counts of second-degree murder and related firearms offenses.  King was sentenced to serve 125 years in prison with all but 95 years suspended.  ECF No. 11-1 at 21, *State v. King*, Case No. CT191113X (Pr. George's Co. Cir. Ct. 2019).  On August 22, 2022, the date trial was scheduled to begin in King's case presently at issue, another postponement hearing was held.  ECF No. 11-10.  Defense counsel requested the postponement due to defense counsel and her daughter having contracted COVID with persistent symptoms.  *Id*. at 4.  Counsel informed the court that King did not want a postponement, but defense counsel did not believe she could competently represent King without one member of the defense team present.  *Id.* at 4-5.  The request was granted, and trial was re-set for January 23 through 26, 2023.  *Id*. at 5.

On January 13, 2023, original defense counsel was substituted and a new Assistant State's Attorney ("ASA") was assigned to the case.  Because counsel needed additional time to prepare for trial, on January 19, 2023, counsel filed a joint motion for continuance, which was granted.  A new trial date of April 10 through 13, 2023, was set.  ECF No. 11-1 at 136-38.  On February 23,

2023, yet another new ASA was assigned to King's case prompting another request to postpone King's trial, which the State filed on March 23, 2023. ECF No. 11-1 at 140-41. King's counsel opposed the motion. *Id*. at 142. Over King's opposition, the continuance was granted on April 4, 2023, and trial was re-set for October 23 through 26, 2023. *Id*. at 143.

On August 29, 2023, the State filed another motion to postpone the trial because the assigned ASA was leaving the State's Attorney's Office and remaining counsel for the State had a trial scheduled for the same dates scheduled for King's trial. ECF No. 11-1 at 158-59. The motion included as support that King was currently serving a "90-year[1] sentence on an unrelated murder" and also notified the court that King objected to the continuance. *Id*. at 158. A hearing was held on October 6, 2023, to consider the motion to postpone as well as King's pro se motion to recuse the judge. ECF No. 11-11. Despite the defense's objection to the postponement, the motion for continuance was granted, and a trial was re-set for February 12 through 15, 2024. *Id*. at 6. King's motion to recuse was denied. *Id*. at 7-8. On December 18, 2023, another new ASA entered her appearance on behalf of the State. ECF No. 11-1 at 188-89. On February 7, 2024, the State filed a motion to postpone the trial date because the newly assigned ASA had a death in her family and would be unavailable for trial. ECF No. 11-1 at 200-02. The February 12, 2024, proceedings were cancelled, and trial was re-set for July 8 through 11, 2024. ECF No. 11-1 at 204.

Throughout the postponements and rescheduling of King's trial dates, he repeatedly filed pro se motions to dismiss for failure to provide a speedy trial and objections to the motions to postpone. Counsel for King also filed objections and made known King's desire for both a jury trial and a moratorium on postponements.

---

[1] In the February 7, 2024 motion, the State correctly identifies King's sentence as a 95-year term. ECF No. 11-1 at 202, ¶ 6.

II.      **Standard of Review**

Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).

The *Younger* abstention doctrine (per 401 U.S. 37 (1971), *supra*) "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d

535, 539 (D. Md. 2007) (internal quotation omitted).   "[I]n the absence of exceptional circumstances creating a threat of irreparable injury both great and immediate, a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution."   *Kugler v. Helfant*, 421 U.S. 117, 123 (1975).

**III.    Analysis**

Respondent asserts that this court should abstain from addressing the merits of King's claims based on *Younger*.   King counters that he is being denied his rights because he has not been given a hearing on his claim that his speedy trial rights have been violated.   ECF No. 1.   He adds that the same judge who presided over the case ending in his receipt of a 95-year prison term is now presiding over his current case, and that judge is subjecting him to the "same violations and tactics."   *Id*. at 2.   He further alleges that 8 postponements of his trial date constitutes an Eighth Amendment violation.   *Id*.   King does not include a clear statement of the relief he seeks in his Petition, but clarifies in his Reply that he wants a hearing and to be provided certain transcripts. ECF No. 16 at 2.   King states in a later filing that he seeks a hearing on the "*Barker v. Wingo* test" and a dismissal of the indictment against him.   ECF No. 20.   He also claims that the postponements were not based on good cause; rather, he asserts they were based on improper personal reasons used as a tactical device to ensure trial witnesses' memories would be impaired by the passage of time, and that postponements were granted by a judge who was not an administrative judge (and therefore not the proper judge to grant postponement requests).   *Id*.   In King's view, *Younger* abstention does not require this court to refrain from granting him the relief he seeks.   *Id*.   King does not explain why abstention is unwarranted.

By his Petition, King seeks to stop ongoing state proceedings through dismissal of the indictment against him.   His claims implicate a vital State interest in managing and adjudicating

its criminal docket; and there are on-going State proceedings where he may continue pressing his speedy trial claim. Where, as here, "the basic requirements for *Younger* abstention are present in the case, [the court does] not abuse its discretion in abstaining" unless there is a basis to find the "claims fall within an exception to the 'fundamental policy' that federal courts should abstain from interfering in state criminal proceedings." *Robinson v. Thomas*, 855 F.3d 278, 286 (4th Cir. 2017). The extraordinary circumstances exception to *Younger* abstention requires demonstration of a "danger of irreparable loss" that is "both great and immediate." *Younger*, 401 U.S. at 45. While a showing of bad faith or harassment by state officials, or where the state law being applied is "flagrantly and patently violative of express constitutional prohibitions," may require federal intervention, King does not demonstrate such a circumstance and the record does not reflect it. Rather, King's criminal trial has been postponed a number of times because of an unforeseeable world-wide pandemic that necessitated the suspension of jury trials to protect the public's health. Further, the State court has repeatedly found that the requests for postponement that were not based on the suspension of jury trials were based on good cause. King's assertions otherwise find no support in the State record. The court appreciates King's deep frustration in the procession of his case; however, the elements necessary to invoke the extraordinary circumstances exception to *Younger* abstention are not present.

For these reasons, by separate order issued herewith, the court abstains from exercising jurisdiction over King's claim and dismisses the Petition for Writ of Habeas Corpus without prejudice. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this court must issue or decline to issue a certificate of appealability when it issues a final order adverse to a habeas applicant in State custody. Such a certificate may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so,

King "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Having found no substantial showing of the denial of a constitutional right, a certificate of appealability is denied. King is entitled to request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order follows.

/S/

June 15, 2024

_____
Julie R. Rubin
United States District Judge